UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAY 31 2005

CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

LEROY HENRY,

    Plaintiff,

CASE NO. 04-70301

-vs-

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

KFC US PROPERTIES, INC.,

    Defendant.
_____/

### ORDER SANCTIONING PLAINTIFF'S COUNSEL FOR A PATTERN OF UNTIMELY PLEADINGS BEFORE THIS COURT

On March 29, 2005, KFC US PROPERTIES, Inc., ("Defendant") filed its motion for summary judgment. Leroy Henry's ("Plaintiff") response to Defendant's motion for summary judgment was due on April 19, 2005. Plaintiff did not file his response until May 18, 2005. Plaintiff has failed to meet the filing requirements delineated by L.R. 7.1 and this Court's briefing schedule. This is the second time Plaintiff's counsel Chui Karega has failed to abide by L.R. 7.1 and this Court's briefing schedule. In *Dudley v. Wayne County et. al*, Case No. 03-75171, Chui Karega, then counsel for the plaintiff Alvin Dudley filed a response more than one month after it was due. (Docket No. 18).

    L.R. 11.1 provides:

> If, after notice and a reasonable opportunity to respond, the Court determines that a provision of these Local Rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule or are responsible for the violation. The procedures for imposing sanctions and the nature of sanctions shall be as set out in Fed. R. Civ. P. 11(c). For purposes of this rule, references in Fed. R. Civ. P. 11(c) to violations of 'subdivision (b)' are deemed to be references to

violations of the Local Rules, and Fed. R. Civ. P. 11c)(2)(A) does not apply. (L.R. 11.1). Federal Rule of Civil Procedure 11(c)(2) provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). An award of sanctions under Rule 11 is within the discretion of the Court. *See Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). Pursuant to L.R. 11.1 and Federal Rule of Civil Procedure 11(c) the Court finds that a $100.000 fine assessed to Plaintiff's counsel Chui Karega is sufficient to deter repetition of his repeated late filings before this Court.

The 1993 Amendments Advisory Committee Notes to Fed. R. Civ. P. 11(b) and (c) provide that a Court in deciding whether to impose a sanction should consider "[w]hether the improper conduct was wilful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation...." (Fed. R. Civ. P. 11(b) and (c), 1993 Amendments Advisory Committee Notes). The Court finds that Mr. Karega has engaged in a pattern of late filings with this Court. Accordingly, Mr. Karega shall be fined $100.00 and future pleadings filed by Mr. Karega shall be in compliance with the Local Rules.[1]

**SO ORDERED.**

DATED: 5-31-05
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court, in the interest of justice, will not strike Plaintiff's untimely filed response to Defendant's motion for summary judgment.

2