**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEROY HENRY,

    Plaintiff,                                         CASE NO. 04-70301

-vs-                                             PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

KFC US PROPERTIES, INC.,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND:**

This case arises from injuries allegedly incurred when Leroy Henry ("Plaintiff") fell on water on the bathroom floor of a Kentucky Fried Chicken ("KFC") restaurant. The issue in this case is whether the water on the floor constitutes a known hazard so as to relieve Defendant of its duty to protect a business invitee. The relevant evidence before the Court is based on Plaintiff's testimony which is summarized below.

Plaintiff testified that he walked into the restaurant and went directly to the men's bathroom. (Plaintiff's Dep. at 32). When Plaintiff walked into the men's restroom, he encountered a young man exiting the restroom. (*Id.* at 33). Plaintiff did not see anything wrong with the floor as he initially walked into the restroom. (*Id.* at 34). Once inside the restroom, Plaintiff discovered that the toilet in the stall was flooded, and there was water on the floor. (*Id.*).

Plaintiff testified to his fall as follows:

Q. When you entered the restroom, did you see anything that was wrong with the rest room itself?

A. No, I did not.

Q. In other words, was there anything on the floor?

A. I didn't see anything on the floor.

Q. When is it you first noticed there was something on the floor?

A. Well, I only noticed there was something in one part of it.

Q. Where? If you can tell me on this drawing, if you can.

A. When I opened this stall up and I looked in it, it was flooded. It had toilet paper in it or something, BM running all out of it.

Q. Was it actively overflowing?

A. Right. So - -

Q. Is that yes?

A. Yes. So when I looked at that, I am in an emergency situation so I walked to the urinal and I took my - -

Q. You went to the bathroom?

A. I did my business.

Q. And then what happened?

A. And when I did my business, I turned around and walked, was going to make my way to the door and I slipped back and hit my head on the cap of this thing here, I guess, this urinal thing here....

Q. Do you know which direction you turned from the urinal. To your right or your left before you started to leave?

A. Well, I went - -

Q. That would be to your left?

    A. Right. I guess.

    Q. Do you know if you took one or more steps away from the urinal after you turned left?

    A. I have no clue, sir.

    Q. Do you know if you took any steps?

    A. I took some steps...

    Q. You don't remember falling?

    A. Yeah, I remember falling.

    Q. After you took a couple of steps then you started to fall, tell me how you fell. Forward, backwards?

    A. Do you know if either of your feet slipped?

    Q. Yeah, my feet slipped, I guess.

    A. You are guessing, you don't know for sure?

    A. I'm not sure which foot slipped or whatever.

(Plaintiff's Dep. at 36, 42). Plaintiff further testified as follows:

    Q. Did you, when turned around, did you look to see if there was anything on the floor in front of the urinals?

    A. All I saw was the water around, what you call it, that's it.

    Q. When you decided not to use that but instead use the urinal and you turned to walk toward the urinal, did you look to see if there was any water on the floor in the area of the urinal?

    A. I did not see any water.

    Q. Did you look to see if there was any water on the floor?

    A. I don't know. When you have to use the restroom, you have to use it.

    Q. I understand, but knowing you had just seen water all over the floor, when you turned

    did you look to see if there was water on the floor in front of the urinal?

    A.  I did not see any water.

    Q.  But you don't remember if you looked though?

    A.  I wouldn't have walked into it.  That's why I turned away from this.

    Q.  When you were walking from the toilet to the urinal, did you hear any sound consistent with water under your feet?

    A.  No, I did not.

(*Id.* at 36-37).

Plaintiff filed his complaint in Wayne County Circuit Court alleging negligence on the part of Defendant in maintaining a hazardous condition.  Defendant removed this action from Wayne County Circuit Court on January 28, 2005 based on diversity jurisdiction.  Defendant filed for summary judgment on March 30, 2005.  Plaintiff responded on May 19, 2005.  Defendant replied on May 26, 2005.  Oral Argument was held on July 5, 2005.

## ARGUMENTS

    **1.**    **Defendants' Argument**

Defendant contends that it did not have a duty to protect Plaintiff from an open and obvious condition on the floor of the bathroom.  (Defendant's Motion at 6).  Defendant contends that this legal determination is dispositive with regard to Plaintiff's claims against it.  (*Id.* at 13).

    **2.**    **Plaintiff's Argument**

Plaintiff contends that the evidence fails to demonstrate that the water on the floor constituted an open and obvious condition.  (Plaintiff's Response, at 7).  Plaintiff further argues that the special aspects of the water on the bathroom created an unreasonable risk of harm.  (*Id.*

at 8).

## ANALYSIS

### A. Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id*. at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.

1993).  In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party.  *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment.  *Celotex*, 477 U.S. at 322-23.  The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact.  *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.**    **Discussion**

Defendant contends that it did not have a duty to protect Plaintiff from an open and obvious condition on the floor of the bathroom.  Defendant contends that this legal determination is dispositive with regard to Plaintiff's claims against it.  The Court agrees with Defendant.  The Court finds that this is a question of law.  *Schmidt v. Youngs,* 215 Mich. App. 222, 224 (Mich. App. 1996).  Michigan courts hold that a business owner owes no duty to an invitee to protect him from a known hazard.  *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606 (1995).  There are four required elements to recovery in a negligence suit under Michigan law: (1) duty; (2) breach; (3) injury; and (4) proximate cause.  *Schultz v. Consumers Power Co.,* 443 Mich. 445, 449 (1993).

The duty owed by a business owner to an invitee is encompassed in the Restatement (Second) of Torts §§ 343 and 343A which has been adopted in Michigan. Section 343 states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

(Restatement (Second) of Torts §343; *Bertrand* 449 Mich. at 609).

Section 343A states:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(Restatement (Second) of Torts §343A; *Bertrand* 449 Mich. at 609). The Michigan Supreme Court in *Bertrand* interpreted these sections and provided:

> [w]hen §§ 343 and 343A are read together, the rule generated is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. The issue then becomes the standard of care and is for the jury to decide.

(*Bertrand* at 611).

The Michigan Supreme Court has further provided:

> Simply put, there must be something out of the ordinary, in other words, special, about a particular open and obvious danger in order for a premises possessor to be expected to anticipate harm from that condition. Indeed, it seems obvious to us that if an open and obvious condition lacks some type of special aspect regarding the likelihood or severity

of harm that it presents, it is not unreasonably dangerous.

(*Lugo,* 464 Mich. at 525). Relating to the "special aspects" of the open and obvious doctrine the Michigan Supreme Court in *Lugo* stressed the importance for courts in deciding summary judgment motions by premises possessors in "open and obvious" cases to focus on the objective nature of the condition of the premises at issue, not on the subjective degree of care used by the plaintiff. (*Id.* at 524). Michigan follows the rule of comparative negligence. Under comparative negligence, where both the plaintiff and defendant are culpable of negligence with regard to the plaintiff's injury, this reduces the amount of damages the plaintiff may recover, but does not preclude recovery altogether. (*Lugo* at 523). The *Lugo* Court provided that "any comparative negligence by an invitee is irrelevant to whether a premises possessor has breached its duty to that invitee in connection with an open and obvious danger because an invitee's comparative negligence can only serve to reduce, not eliminate, the extent of liability." (*Id.*). The *Lugo* Court further provided:

> [i]n considering whether a condition presents such a uniquely dangerous potential for severe harm as to constitute a 'special aspect' and to avoid barring liability in the ordinary manner of an open and obvious danger, it is important to maintain the proper perspective, which is to consider the risk posed by the condition, *a priori*, that is, before the incident involved in a particular case.

(*Id.* at 519, fn. 2).

In the instant case, the Court finds the water on the bathroom floor was an open and obvious condition. To establish that a defect is open and obvious, the moving party must demonstrate that an ordinary person using casual observation would have been aware of the defect with sufficient ability to avoid the danger. *Haas v. City of Ionia,* 214 Mich. App. 361 (Mich. App. 1995). The Court finds that the evidence shows that the water on the floor was

open and obvious because Plaintiff testified that he saw it.  The Court further finds that the condition in the restroom viewed objectively does not show a uniquely dangerous potential as to constitute a "special aspect." The *Lugo* Court provided a useful illustration demonstrating a situation involving a uniquely high likelihood of harm. i.e. "special aspect:"

> a commercial building with only exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable.

(*Id.* at 518). The Court finds that Plaintiff has failed to present evidence showing that the water in the bathroom was "effectively unavoidable."

Defendant cites *Lauff v. Wal-Mart,* 2002 WL 32129976 (W.D. Mich. October 2, 2002) (unpublished). In *Lauff,* the plaintiff, a 75 year old legally blind women, went to the defendant's store. While shopping, she went to the defendant's restroom. The plaintiff walked into the restroom and used the handicap stall. As the plaintiff sat up from the toilet seat she fell and injured herself. The Court granted defendant's motion for summary judgment and rejected plaintiff's argument that her blindness was a special aspect to the open and obvious doctrine which imposed liability upon defendant. The Court in analyzing the *Lugo* Court's objective approach to the special aspects doctrine held:

> the [*Lugo*] court reemphasized the focus on the condition and not the plaintiff and stated that 'an ordinary prudent person would typically be able to see the pothole and avoid it.' Viewing the facts in the light most favorable to Plaintiff, the unsafe condition consisted of toilet paper, water and 'gook' on the floor of the handicap stall in the women's restroom. Unfortunately Plaintiff was unable to see this condition because of her blindness, but this condition would have been open and obvious to an ordinarily prudent person. Additionally, no evidence has been pointed out indicating that 'special aspects' of the unsafe condition would remove this case from the open and obvious doctrine. Hence, Plaintiff has failed to show that Defendant should have expected Plaintiff would not discover the unsafe condition or fail to protect herself from it.

(*Id.* at *5). Similarly here, despite Plaintiff's "emergency situation," in which he urgently needed to use the restroom, the Court finds that he has failed to show that Defendant should have expected Plaintiff would not have discovered the unsafe condition.

*Baird v. NHP Mill Creek Apartments,* 94 Fed. Appx. 328 (6th Cir. April 9, 2004) (unpublished) is instructive. In *Baird,* the plaintiff slipped on a puddle of water in the laundry room of her apartment complex. The plaintiff testified she did not see the water on the floor. The Court held that plaintiff failed to show that a prudent person would not have seen the water had she simply looked. The Court provided:

> Plaintiff did not have to place herself in danger by walking through the standing water, since testimony stated the puddle was in the middle of the room, not blocking any exits. Although the standing water in the instant action blocked the activity in which plaintiff was engaged, that of washing and drying clothes, an ordinarily prudent individual would not have to risk injury to continue such activity. Plaintiff could have circumvented the water, or exited the laundry room to obtain maintenance assistance for the alleged dangerous water condition. Again, plaintiff's subjective awareness of the condition is an insufficient argument, when as a matter of law the court must instead look at the objective nature of the condition of the premises.

(*Id.* at 335). Similarly, instantly, Plaintiff did not testify that the water was blocking the restroom exit, nor has he testified that he could not have circumvented the water.

*Hickey v. Adler's Foodtown, Inc.,* 2003 WL 1689620 (Mich. App. March 27, 2003) (unpublished) is also instructive. In *Hickey,* the Court granted summary judgment in favor of the defendant. The plaintiff in *Hickey* fell in a puddle of water on the floor of the store. The Court found that the defendant was aware of a roof leak and had mopped the area. The Court found summary judgment appropriate because the plaintiff's view of the puddle was unobstructed and "an average user with ordinary intelligence would be able to discover such an accumulation of water upon casual inspection." (*Id.* at *5). The Court "emphasized that the test for an open and

obvious danger is an objective one" and held that the defendant did not owe the plaintiff a duty of care under these circumstances.

Similar to *Hickey,* the instant Plaintiff testified that Defendant was aware of the water on the bathroom floor. That fact, however, is not enough to create a genuine issue of material fact. The Court finds that Plaintiff's testimony in its entirety, viewed in a light most favorable to him - but objectively, fails to demonstrate that the water on the bathroom floor was an unreasonably dangerous open and obvious condition under Michigan precedent. The water on the bathroom floor constituted an open and obvious condition, and Plaintiff has failed to establish any "special aspects" which make it unreasonably dangerous. Accordingly, the Defendant has not breached its duty of care to Plaintiff.

Summary Judgment is granted for Defendant.

**SO ORDERED.**

                                              **s/Paul D. Borman**
                                              **PAUL D. BORMAN**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: July 14, 2005**

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 14, 2005.**

                                              **s/Jonie Parker**
                                              **Case Manager**